

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-80,245-03

**EX PARTE ANDREW GIBBS, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1249909 IN THE 209TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery with a deadly weapon and sentenced to twenty-five years' imprisonment. He did not appeal his conviction. The First Court of Appeals affirmed his conviction. *Gibbs v. State*, No. 01-11-00934-CR (Tex. App.–Houston [1st Dist.] June 14, 2012).

Applicant contends that his plea was involuntary because counsel promised Applicant that, if he pled guilty, Applicant would receive probation. Applicant also alleges that counsel failed to

inform Applicant of the consequences of his plea and failed to bring to the trial court's attention that Applicant's sentence was outside the agreed range. Applicant also contends that counsel told Applicant that she would not take the case to trial even if Applicant decided to do so, refused to allow Applicant or Applicant's family to testify at his sentencing, was not prepared for sentencing, failed to object to the victim's false testimony, and coerced Applicant into pleading guilty by incorrectly telling Applicant that his co-defendant had "turned witness for the State."

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel and involuntary plea. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his plea was involuntary. The trial court shall make findings as to whether the performance of Applicant's attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings of fact and conclusions of law as to whether the punishment Applicant received was outside the agreed upon range. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The

issues shall be resolved within 90 days of this order.  A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall be obtained from this Court.

Filed: November 19, 2014
Do not publish